IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| HANNA SHEPARD, <br><br> Plaintiff, <br><br> v. <br><br> WALMART CLAIM SERVICES, INC., <br><br> Defendant. | Case No. 4:25-CV-0079-JTJ <br><br><br> **MEMORANDUM AND ORDER** |

## I. INTRODUCTION

Plaintiff Hanna Shepard (Shepard) filed a Complaint in the Montana Eighth Judicial District against Defendants National Fire Insurance Company of Pittsburgh, PA, and Walmart Claim Services, Inc., (WCSI) alleging Count 1: Independent Cause of Action pursuant to Mont. Code Ann 33-18-242. (Doc. 1, Exhibit 3 and Doc. 7). Shepard filed an Amended Complaint against the Defendants adding Count II: Exemplary Damages. (Doc. 1, Exhibit 7 and Doc. 10).  WCSI removed the case to federal court. (Doc. 1).

WCSI filed a Motion to Dismiss Shepard's Amended Complaint asserting that it was not an insurer and therefore not subject to liability under Mont. Code Ann § 33-18-242. (Doc. 19).  In response, Shepard filed an "Unopposed Motion to File Amended Complaint and Dismiss National Union Fire Insurance Co. of Pittsburgh,

1

PA." (Doc. 27).  This Motion advised that Shepard's Amended Complaint would only assert common law claims against WCSI; would render WCSI's Motion to Dismiss moot; and would allow WCSI to subsequently seek dismissal of any of Shepard's claims. The Court granted the Motion. (Doc. 26).

Shepard then filed an Amended Complaint against WCSI alleging Count I: Negligence; Count II: Negligent Misrepresentation; and Count III: Deceit.  (Doc. 27). WCSI has filed a Motion to Dismiss under Fed. R. Civ. P. 9(b) and 12(b)(6) and briefs in support contending Shepard's negligence and negligent misrepresentation claims are precluded by res judicata and collateral estoppel and her deceit claim is not sufficiently pled. (Docs. 34, 35, and 40).  WCSI opposes the motion. (Doc. 39). The Court heard oral argument on February 22, 2026.

## II. BACKGROUND

According to Shepard's Amended Complaint, after the Great Falls Walmart performed an oil change on her 2012 Volkswagen Jetta on October 12, 2022, she noticed transmission fluid coming out of her engine and the vehicle began experiencing serious malfunctions.  (Doc. 27). Shepard returned to Walmart and was advised to file a claim with WCSI, which she did. (Id.). Shepard contends that WCSI's adjustor, Nikolas Yeakely, advised her that he had seen a video of the oil change and it was clear that Walmart was liable and WCSI would figure out how to compensate her for the damage to her Jetta. (Id.).

Yeakely also allegedly advised Shepard that her vehicle would need to be inspected. (Id.). Shepard began planning to have the vehicle inspected and asked for a rental vehicle. (Id.). After alleged lack of responsiveness regarding the handling of her claim, including alleged delays in obtaining a rental vehicle, Shepard filed a lawsuit in the Montana Eighth Judicial District Court on November 30, 2022, against Walmart. (Id.). Shepard's lawsuit against Walmart alleged claims under the Montana Consumer Protection Act and sought compensatory and punitive damages. (Doc. 35-3).

Shepard allegedly had her vehicle towed to Billings Volkswagen on December 12, 2022. (Doc. 27). Billings Volkswagen allegedly detected transmission fluid in the engine. (Id.). On December 23, 2022, Shepard allegedly told WCSI that her Jetta needed to be towed again and was malfunctioning. (Id.). WCSI then allegedly planned to have her vehicle inspected by its expert, Burton McDonald, who allegedly conducted the investigation on February 2, 2023. (Id.).

On February 21, 2023, McDonald provided WCSI with a report allegedly stating, "there was no correlation between the quality service and replacement provided by Walmart . . . and the current problem verified by inspection." (Id.). WCSI then allegedly advised Shepard that McDonald's report verified that her vehicle was running normally without issues related to the claim. (Id.).

Shepard proceeded to trial on her Consumer Protection Act claim against Walmart. On March 12, 2024, a jury awarded her damages of $3,882.00 on this claim. (Id.).

Shepard's current negligence claim in Count I alleges that WCSI voluntarily undertook a duty to provide her with professional claims administration through timely investigation, comprehensive evaluation, fair determinations, and superior customer service. (Id.). Shepard further alleges that Restatement (Second) of Torts § 323 and common law principles of negligence, impose a general duty on one who undertakes to render services "which he should recognize as necessary for the protection of the other's persons or things" and subjects him to liability for harm for his failure to exercise reasonable care, if the failure to exercise reasonable care either increases the risk of harm or if harm is suffered because of reliance on the undertaking. (Id.). Shepherd further alleges, "one who undertakes affirmative action to render aid or services to another has a duty to use reasonable care in rendering the aid or service to avoid foreseeable risks of harm to the other." (Id.).

In Count II, Shepard alleges that WCSI should have known that its inspector's statement that her vehicle was running normally without issues related to the claim was untrue because the inspector did not drive the vehicle according to VW protocols. (Id.). As a result of this negligent misrepresentation, Shepard alleges she suffered damage. (Id.).

4

Finally, Shepard alleges that WCSI committed the tort of deceit, as set forth in Mont. Code Ann. § 27-1-712, by telling her that her car was running normally, when it had no reasonable grounds for believing this statement to be true, especially considering VW Billings protocols. (Id.). In allegedly making this statement, WCSI allegedly intended that Shepard would alter her position to her injury or risk by accepting an amount of money which it knew would not compensate her for her losses. (Id.). WCSI also allegedly committed the tort of deceit when it told Shepard that it had been evident on the surveillance video (which Wal-Mart failed to retain) that Walmart was liable and promised WCSI would figure out how to compensate her for the damages to her Jetta. (Id.).

## III.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most

favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

When alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy this legal standard, the complaint must allege "the who, what, when, where and how of the misconduct charged." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011).

On a motion to dismiss, a court may consider "documents [that] have been incorporated into the complaint by reference or are matters of which a court may take judicial notice." *Orellana v. Mayorkas*, 6 F.4th 1034, 1042-1043 (9th Cir. 2021). A court may assume an incorporated document's contents are true for purposes a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). Finally, dismissal without leave to amend

is appropriate when it is "clear that the complaint cannot be saved by further amendment." *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996).

## IV. DISCUSSION

### A. Shepard's complaint contains sufficient factual allegations, accepted as true, to state plausible claims to relief against WCSI.

WCSI contends that Shepard's negligence and negligent misrepresentation claims fail to state a claim as a matter of law because they are barred by the doctrine of res judicata, which precludes Shepard from litigating the identical transaction she already litigated to final judgment against Walmart in state court.  WCSI argues that all of the elements of res judicata are met as (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction. *Brilz v. Metro. Gen. Ins. Co.*, 285 P.3d 494, 501 (Mont. 2012).

WCSI's briefing contends that collateral estoppel precludes Shepard from relitigating whether Walmart's oil change damaged the Jetta, because this is an issue the state court resolved against her by way of summary judgment.  Further, the negligence claim fails because WCSI owed Shepard no duty under Restatement

(Second) of Torts § 323 or Montana common law when it provided claims-handling services to its principal, Walmart. Additionally, the fraud-based claims for negligent misrepresentation and deceit fail Rule 9(b) because Shepard pleads no statement with particularity as to speaker, date, medium, contemporaneous falsity, intent, or detrimental reliance, and all claimed damages are, in any event, precluded by the state-court causation ruling.

Shepard's brief contends that although she agrees that WCSI and Walmart were in privity in the underlying suit, that the subject matter of that suit and this one is the same, and that a final valid judgment was entered on the merits of the first action, res judicata should not bar her claims because the issues are not the same nor the capacities of the parties. Walmart successfully argued in the state court that WCSI's claims handling practices couldn't be litigated there as they constituted statutory claims under Montana Code Title 33, Chapter 18. WCSI now contradicts this by claiming Shepard could have brought these claims in state court.

Shepard further argues that collateral estoppel doesn't bar her vehicle damage claim as Shepard will simply present expert testimony this time (which she didn't in the prior case). Shepard also argues that her negligence claim is valid as WCSI owed a duty under voluntary assumption of duty principles and her negligent misrepresentation and deceit claims are sufficiently pleaded with particularity.

8

Initially, the Court determines that Shepard's Amended Complaint meets the requirements of Fed. R. Civ. P. 9(b). The who, what, when, and where of the alleged deceit and alleged misrepresentations have been adequately alleged in the Amended Complaint.

The Court further determines that taking the allegations of the Amended Complaint as true, as the law requires, the Amended Complaint states plausible claims against WCSI. However, once the factual record is more fully developed, the Court will entertain summary judgment motions, which will allow the Court to properly evaluate on a developed factual record whether res judicata or collateral estoppel bar any or all of Shepard's claims against WCSI.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that WCSI's Motion to Dismiss (Doc. 34) is **DENIED**.

DATED 18th day of March 2026.

John Johnston
United States Magistrate Judge